LAW FIRM OF JONAS & DRISCOLL, LLP
555 WEST FIFTH STREET
THIRTY FIRST FLOOR
LOS ANGELES, CA 90013
TEL:      (213) 683-2033
FAX:      (213) 996-8569
Christopher L. Driscoll, State Bar #167001
Glen T. Jonas, State Bar #166038

Attorney for Plaintiff Mario Fennell

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO FENNELL, an individual,<br><br>plaintiff,<br><br>vs.<br><br>JOSEPH AMENT, an individual;<br>DIEGO ANDRADE, an individual;<br>COUNTY OF LOS ANGELES,<br>a public entity; and DOES 1 TO 10.<br><br>defendants. | Case # CV12-7023-SJO (JEM)<br><br>**COMPLAINT FOR:**<br>**DEPRIVATION OF CIVIL RIGHTS**<br><br>42 USC §§ 1983, 1985(3), 1988<br><br>**DEMAND FOR JURY TRIAL** |

//

//

1

## JURISDICTION AND VENUE

1. This is an action for money damages brought pursuant to 42 U.S.C §§ 198, 1985(3) and 1988, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and under the common law of the State of California, against the County of Los Angeles, and Los Angeles County Sheriff employees: Deputy Joseph Ament, Deputy Diego Andrade, and DOE defendants. Jurisdiction is based upon 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights). Venue lies in the Central District of California, the judicial district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

2. As to plaintiff Mario Fennell, it is alleged that the individual sheriff's deputy defendants made an unreasonable seizure (false arrest and malicious prosecution) of the plaintiff, used excessive force, falsified evidence, and falsely testified, and falsely prosecuted, violating his rights under the First, Fourth, Fifth, Eighth, Fourteenth, and any other applicable Amendments of the United States Constitution. It is further alleged that these violations and others were committed as a result of policies and customs of the County of Los Angeles.

## PARTIES

3. Plaintiff Mario Fennell was within the jurisdiction of the United States of America at all times herein alleged, and was an inhabitant of the United States of America.

4. Defendant County of Los Angeles is a government entity. Individual Defendants were employees of the County of Los Angeles.

5. Defendant Los Angeles County Sheriff's deputies were, at all times

relevant to this complaint, duly appointed and acting deputies of the County of Los Angeles acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of California and/or the County of Los Angeles. Plaintiff was deprived of an interest protected by the Constitution and/or laws of the United States of America, and each and every defendant caused, by commission or omission, such deprivation while acting under color of law.

6. Each and every Defendant who is a natural person is sued in both his/her individual/personal capacity, as well as in his/her official capacity if he/she had any policy making duties, functions, or responsibilities with respect to the matters alleged herein.

7. Each and every allegation set forth in each and every averment of this pleading hereby is incorporated by this reference in each and every other averment and allegation of this pleading.

8. All acts and/or omissions perpetrated by each Defendant, except any governmental entity Defendant, was engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, and with evil motive and/or intent, in disregard of the rights of Plaintiff.

9. Plaintiff is informed and believes and thereupon alleges, that in perpetrating the foregoing acts, each individual Defendant was the agent or employee of each other Defendant, was acting within the course and scope of such agency or employment, and was acting under color of state law and municipal authority.

10. Each individual Defendant acted in a conspiracy pursuant to 42 U.S.C. §1983 with each other individual Defendant to deprive Plaintiff of the rights enumerated herein.

11. Defendant County of Los Angeles and every Defendant in his/her official capacity knowingly or with deliberate indifference to the rights allegedly violated caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of persons, grossly negligently, with reckless disregard to constitutional or other federal rights, failed to properly train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to the County of Los Angeles and with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by each Plaintiff. More specifically, The County of Los Angeles (and it's Sheriff's Department) has a policy of whitewashing, condoning and approving of cases of excessive force, false arrest, and malicious prosecution. The County of Los Angeles Sheriff's Department does not conduct meaningful inquires into the misconduct of it's deputies. Internal Affairs investigations are "kangaroo courts" wherein the contentions of deputies are always considered to be truthful, and misconduct is not otherwise properly investigated, evaluated or punished, to the extent that there is no meaningful review of deputies actions. The policy and culture of Los Angeles County Sheriff's Department is to accept and condone

violations of citizens rights.

12. The true names of and capacities of DOES ONE through TEN are unknown to Plaintiff, and Plaintiff sues said Defendants, DOES ONE through TEN, by such fictitious names because their true identities have yet to be ascertained.

13. On October 3, 2010, Plaintiff Mario Fennell was driving a vehicle in the City of Lancaster, CA located in Los Angeles County. Deputies Joseph Ament and Diego Andrade engaged in racial profiling as to Plaintiff. Plaintiff Mario Fennel is a young, black male. Although plaintiff committed no crimes or infractions the defendants pulled plaintiff over. Defendants ordered plaintiff from his vehicle at gunpoint and handcuffed him. The deputies subsequently subjected plaintiff to a brutal beating which included deploying a taser against the unarmed and handcuffed plaintiff.

14. The deputies' formulated a completely fictitious story in order to cover their illegal, malicious and outrageous actions. The deputies did so in order to avoid criminal liability, internal discipline and civil liability. The deputies falsely claimed in their reports (and other testimony and statements) that plaintiff attacked the deputies.

15. Plaintiff was falsely arrested for violations of Cal. Penal Code §§ 69 and 243(c).

16. Defendants prepared false police reports, and testified falsely against Mario Fennell. As a result of the deputies' false reports and false testimony Mario

Fennell was charged with multiple misdemeanors and felonies including two felony counts of Cal. Penal Code §§ 69, and two misdemeanor counts of Cal. Penal Code §§ 243(b).

17. The criminal charges were later dismissed favorably and on the merits within the meaning of a 42 U.S.C. §1983 claim.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## (42 U.S.C. § 1983)

18. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 17 above, as if fully set forth herein.

19. **42. U.S.C. SECTION 1983.** Defendants, acting under color of state law, willfully, intentionally, knowingly, maliciously and concertedly deprived Plaintiff of rights and privileges and immunities secured by the Constitution and laws of the United States, including, but not limited to, the First, Fourth, Fifth, Eighth and Fourteenth Amendments, proximately causing the damages herein claimed, by inter alia:

    (a) On or about October 2, 2012, in the City of Lancaster, subjected plaintiff to false arrest without probable cause and in an unreasonable manner;

    (b) Defendants subjected Plaintiff to excessive and unreasonable force;

    (c) Defendants failed to intervene and prevent the unlawful arrest, imprisonment, use of excessive force, and other Constitutional

violations against Plaintiff;

(d) Defendants maliciously prosecuted Plaintiff Mario Fennell for violations of California Penal Code §§ 69 and 243(b). Further, this deprivation of rights was in furtherance of violations of plaintiffs rights, including the right to be free from excessive force, equal protection based upon plaintiff's race, and plaintiff's First Amendment Rights.

(e) Defendants deprived plaintiff of Due Process within the meaning of Devereaux v. Abbey, 263 F.3d 1070, 1074-1075 (2001), by creating and presenting false evidence against plaintiff, including testimony.

(f) Defendants conspired with each other individual officer in the deprivation of the Constitutional rights herein described under 42, U.S.C. §1983. More specifically as shown through defendants false reports and testimony the defendants, in an effort to protect themselves from prosecution, discipline, termination and civil liability entered into an agreement to make the false claims against plaintiff.

20. As a proximate result of Defendants' actions, Plaintiff suffered damages in terms of lost wages, and other compensation; suffered physical and emotional injuries, all of which is continuing; incurred damage to his reputation; incurred costs and will incur future costs. Plaintiffs' actual damages will be ascertained at trial.

21. The conduct of Defendants was despicable, oppressive, malicious, and expressly intended to injure or damage Plaintiff or was done with conscious

1 disregard of his rights, thereby justifying an award of exemplary damages against
2 Defendants in a sum appropriate to punish and make an example of Defendants.
3 Punitive damages are requested as to individual (non-entity) Defendants only.

22. Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

23. To the extent that the personal resources of the individual Defendants herein are deficient in the amounts necessary to furnish a suitable remedy to Plaintiff, Defendant County of Los Angeles is liable for such deficiency pursuant to California Code § 815.2(a).

## SECOND CLAIM FOR RELIEF AGAINST
## ALL DEFNEDANTS
## (42 U.S.C. §1985(3))

24. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

25. <u>42 U.S.C. SECTION 1985 (3).</u> Defendants conspired for the purpose of:

(a) Depriving Plaintiff of equal protection of the law (based upon race);

(b) Depriving Plaintiff due process of law; and

(c) Hindering the constituted authorities from giving or securing equal protection and due process of law to all persons, all to Plaintiff's damage as herein above alleged;

26. Plaintiff is African American.

27. Defendants engaged in racial profiling in effecting an illegal stop of

defendant based upon race and otherwise taking the actions described herein, in the Complaint, including falsely arresting and prosecuting plaintiff.

27. Defendants actions in violating Plaintiff's Constitutional rights, as described herein, were performed in unison and with agreement, both inferred and overt, from the initial decision to illegally harass and arrest plaintiff on a false pretext though the beating and eventual prosecution and dismissal of the charges.

28. The illegal actions of defendants were taken due to plaintiffs' status as an African American and due to defendants' racial animus.

29. As a proximate result of Defendants' actions, Plaintiff suffered damages in terms of lost wages, and other compensation; suffered physical and emotional injuries, including nervousness, humiliation, and depression, all of which is continuing; incurred damage to their reputation; incurred costs and will incur future costs. Plaintiff's actual damages will be ascertained at trial.

30. The conduct of Defendants was despicable, oppressive, malicious, and expressly intended to injure or damage Plaintiff or was done with conscious disregard of his rights, thereby justifying an award of exemplary damages against Defendants in a sum appropriate to punish and make an example of Defendants. Punitive Damages are requested as to individual (non-entity) Defendants only.

## PRAYER

**WHEREFORE**, Plaintiff seeks judgment in the amount of $10 Million as follows:

1. Compensatory general and special damages in an amount in accordance with proof, against defendants jointly and severally;

2. Exemplary damages against each of the individual, non-entity, defendants in an amount sufficient to make an example of those defendants and to deter them and all others who would behave as defendants have herein;

3. Reasonable attorneys' fees and expenses of litigation pursuant to 42 U.S.C. §1988, and any other applicable statutes;

4. Costs of suit necessarily incurred; and

5. Such further relief as the Court deems just or proper.

Dated: August 15, 2012   LAW FIRM OF JONAS & DRISCOLL, LLP

By: _____
Christopher Driscoll
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand and request a trial by jury in this matter.

Dated: August 15, 2012   LAW FIRM OF JONAS & DRISCOLL, LLP

By: _____
Christopher Driscoll
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

                **CV12- 7023 SJO (JEMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Christopher L. Driscoll SBN 1( `01
Glen T. Jonas SBN 166038
Jonas & Driscoll LLP
555 West Fifth Street, 31st Floor
Los Angeles, CA 90013
Tel: 213-683-2033    Fax: 213-996-8569

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

COPY

| | |
|---|---|
| MARIO FENNELL, an individual<br><br>PLAINTIFF(S)<br>v.<br>JOSEPH AMENT, an individual; DIEGO ANDRADE, an individual; COUNTY OF LOS ANGELES, a public entity; and DOES 1 TO 10<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-7023-SJO(JEMx)<br><br>SUMMONS |

TO: DEFENDANT(S): JOSEPH AMENT, an individual; DIEGO ANDRADE, an individual; COUNTY OF LOS ANGELES, a public entity; and DOES 1 TO 10

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Christopher L. Driscoll_____, whose address is _555 West Fifth Street, 31st Floor, Los Angeles, CA 90013_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: August 15, 2012               By: __MARILYN DAVIS__
                                          Deputy Clerk
                                     (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                              SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MARIO FENNELL

**DEFENDANTS**
JOSEPH AMENT, an individual; DIEGO ANDRADE, an individual; COUNTY OF LOS ANGELES, a public entity; DOES 1 TO 10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Christopher Driscoll SBN 167001, Glen T. Jonas SBN 166038
Jonas & Driscoll LLP Tel: 213-683-2033 Fax: 213-996-8569
555 West Fifth Street, 31st Floor, Los Angeles, CA 90013

**Attorneys (If Known)**

COPY

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ 10,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | FORFEITURE / PENALTY | |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | | | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: CV12-7023

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
 Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date August 10, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |